IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHLEEN A. KELLEN,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration;<br><br>        Defendant. | 4:11CV3002<br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b).  Filing No. 32.  The defendant ("Commissioner") filed a response on December 23, 2013.  Filing No. 33.

Plaintiff previously received an award in this case under the Equal Access to Justice Act ("EAJA"),  28 U.S.C. § 2412, in the amount of $4,882.50.  (Filing No. 30). Having prevailed on remand, the plaintiff now requests payment of $12,507.25 in attorney fees under 42 U.S.C. §406(b).  Plaintiff's  fee request is based on the 25% contingency fee agreement between plaintiff and counsel.  Plaintiff's counsel acknowledges that if she receives the § 406(b) award, she will refund the EAJA amount of $4,882.50 to Plaintiff.  The Commissioner has no objection to awarding fees to Plaintiff's counsel under §406(b), but asks the Court to independently determine whether the requested fee is reasonable.  (Filing No. 33).

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under § 406(b).  Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotation marks omitted).  Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by

the Commissioner and paid directly to the attorney out of past-due benefits awarded.[1]  42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"42 U.S.C. § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  Gisbrecht, 535 U.S. at 807.  A contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, 25% of past-due benefits, is per se unreasonable.  42 U.S.C. § 406(b)(1)(A).  But if a contingency-fee agreement permits recovery at or below the 25% boundary, the attorney may recover the fee owed under the terms of the agreement if the attorney establishes that the fee amount is reasonable for the services rendered.  Gisbrecht, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable.  Id.  A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved.  Id. at 808.  To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case.  Id.; Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate").  Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits.  Rodriquez, 865 F.2d at 746; Gisbrecht, 535 U.S. at 808.

---

[1] The SSA withheld $$12,507.25 as 25% of past-due benefits.

To generate a non-contingent fee of $12,507.25 for 27.9 hours of work, Plaintiff's counsel would need to charge $448.28 per hour. However, when an attorney proceeds on a contingency basis, an attorney fee that might otherwise appear unreasonable may nonetheless be appropriate. See, e.g., *Bear v. Astrue*, 544 F. Supp. 2d 881, 883 (D. Neb. 2008) (awarding $10,288.50 under section 406(b) for 29.4 hours of work).

Considering the factors discussed in *Giesbrecht*, the court concludes that Kellen's attorney has requested a reasonable fee under 42 U.S.C. § 406(b). Kellen's attorney did not request more than the statutory limit of 25 percent of total past-due benefits. Her firm has extensive experience representing social security plaintiffs, and she provided competent and good quality work for Kellen. Those efforts resulted in the government conceding the remand of this case to determine Kellen's mental impairment, maximum residual functional capacity, and ability to perform other work that exists in significant numbers in the national economy. This favorable result would not have occurred without counsel's assistance. Moreover, Kellen signed an affidavit stating that she does not object to the 25 percent contingent fee payment.

Accordingly, the court will grant the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $12,507.25, and will order Kellen's attorney to refund to Kellen the $4,882.50 in attorney fees previously awarded under the EAJA.

IT IS ORDERED that the motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Filing No. 32) is granted as follows:

a. Kellen's attorney is entitled to an attorney fee of $12,507.25 from Kellen's past-due benefits.

b. The Commissioner shall distribute $12,507.25, the amount withheld to pay Kellen's attorney.

    c.      Kellen's attorney shall immediately refund to Kellen $4,882.50, the full amount previously awarded under the EAJA.

    d.      Kellen and Kellen's attorney shall provide the Commissioner with documentation showing that the prior EAJA award has been refunded.

January 13, 2014

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.